IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NASEER ALI-BEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 23-164-RGA |
| | : |
| CHRISTOPHER PORTANTE, et al., | : |
| | : |
| Defendants. | : |

Naseer Ali-Bey, Newark, Delaware.  Pro Se Plaintiff.

Zi-Xiang Shen, Deputy Attorney General, Wilmington, DE.  Attorney for Defendant Justice of the Peace Portante.

**MEMORANDUM OPINION**

November 14, 2023
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Naseer Ali-Bey appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). He commenced this action on February 14, 2023. (D.I. 2). On February 21, 2023, he filed an Amended Complaint (D.I. 5), and he has filed four motions for leave to amend (D.I. 7, 10, 11, 12). I will grant the most recent motion to amend (D.I. 12), treat the Fifth Amended Complaint included as the operative pleading (D.I. 12-1), and dismiss as moot the previous motions to amend (D.I. 7, 10, 11). Also pending is Defendant Portante's motion to dismiss (D.I. 14) and motion to strike Plaintiff's reply brief (D.I. 21), and Plaintiff's motion to stay (D.I. 22). The Court proceeds to screen the Fifth Amended Complaint, which names twelve Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

The following facts are taken from the pleadings and assumed to be true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). In May 2022, Plaintiff resided in an apartment unit managed by the Wilmington Housing Authority ("WHA"). That same month, Defendant Gwendolyn Resop Murray, another resident in the building, falsely reported to Defendants Yvette Logan and Autumn Gunter/Gunther (hereinafter, "Gunter"), a WHA Housing Manager and Assistant Housing Manager, respectively, that Plaintiff had sexually assaulted her. Plaintiff alleges that after Murray reported that he sexually assaulted her, she conspired with Gunter, Logan and Defendant Wilmington Police Officer Craig Cain to falsely arrest Plaintiff and to bring a legal action against him. He also alleges that Defendant Cain, while searching and arresting him, "sexually assault[ed]" him "by feeling [his] body and genitals." (D.I. 12-1 at ¶¶ 37, 38, 40). In September 2022, Defendant Logan, in her

role as a WHA Housing Manager, filed an action against Plaintiff in the Delaware Justice of Peace Court, seeking to evict him from his public housing unit (the "JP Action"). (D.I. 15-1).[1] Defendant Jennifer Kinkus, an attorney, represented the WHA in the action.  Defendant Todd Kinkus is married to Jennifer Kinkus.  Defendant Justice of the Peace Christopher Portante presided over the JP Action.  Defendants Burcat, Moyer, Bawa, and Hanby are other Justices of the Peace.

In February 2023, Defendant Portante entered judgment against Plaintiff.  In May 2023, the J.P. Court issued a writ of possession for the property at issue.

In this action, Plaintiff appears to bring claims for a due process violation, conspiracy, cruel and unusual punishment, and false arrest.  He seeks damages in the amount of $150,000 from each Defendant.

Defendant Portante has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, *inter alia*, that he is entitled to judicial immunity against Plaintiff's claims.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), I must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Because Plaintiff proceeds

---

[1] I take judicial notice of the docket in the JP Action.  *See LSF9 Master Participation Tr. v. Tucker*, 2018 WL 6251008, at *1 (D. Del. Nov. 29, 2018) (taking judicial notice of Delaware Superior Court docket to determine when notice of eviction was served).

*pro se*, his pleading is liberally construed and the Fifth Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B.     28 U.S.C. § 1915(e)(2)(B)

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

### III.    DISCUSSION

Defendant Portante, and the other justices of the peace named as Defendants in Plaintiff's Fifth Amended Complaint— Defendants Burcat, Moyer, Bawa, and Hanby— are all entitled to judicial immunity against Plaintiff's claims. *See Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.") (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). The allegations against Defendant Portante make clear that he was performing his duties as a judicial officer. There essentially are no allegations against the other judicial

4

Defendants. Accordingly, Defendant Portante's motion to dismiss will be granted and the claims against him will be dismissed. The Court will dismiss the claims against the other justices of the peace pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Amendment against the judicial defendants is futile.

With regard to Plaintiff's claims against the remaining Defendants, he has failed to state a claim. Murray is not a state actor and therefore cannot be liable absent sufficiently alleged facts to raise an inference of a conspiracy with the state actor Defendants. *Abulkhair v. Toskos*, 430 F. App'x 98, 101 (3d Cir. 2011) (per curiam). The Fifth Amended Complaint contains no such allegations. Plaintiff's claims against Defendants Logan and Gunter fail because all Plaintiff alleges is that they acted on a serious allegation made by another resident. Similarly, his false arrest claim fails because, based on sexual assault allegation made against Plaintiff, Defendant Cain had probable cause to arrest him.[2] *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) ("To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause.") (citations omitted). To the extent Plaintiff attempted to state a Fourth Amendment claim against Defendant Cain for "sexually assault[ing]" him by groping his genitals during a search incident to arrest, the allegations fall short of a constitutional claim. *See, e.g., Trevino v. City of Austin*, 2023 WL 2056042, at *5 (W.D. Tex. Jan. 24,

---

[2] Plaintiff's complaint says the sex was consensual. Plaintiff says Murray demanded ten dollars, but he did not pay it since there was no discussion of money before the sex.

2023) (noting that "courts have regularly held that a brief touching of a person's breast or genital area pursuant to a lawful search does not constitute a Fourth Amendment violation absent more evidence of misconduct," and collecting cases). Finally, Plaintiff's due process claim fails because the docket from the JP Action establishes that he was given notice and an opportunity to be heard. *See Mancini v. Northampton Cnty.*, 836 F.3d 308, 315 (3d Cir. 2016) ("Fundamentally, procedural due process requires notice and an opportunity to be heard.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 348 (1976)).

For these reasons, the non-judicial Defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend his claim against Defendant Cain. Amendment is otherwise futile.[3]

## IV.    CONCLUSION

For the above reasons, the Court will grant Defendant Portante's motion to dismiss, dismiss the other judicial Defendants under § 1915(e)(2)(B)(iii), and dismiss the remaining Defendants under § 1915(e)(2)(B)(ii).

An appropriate Order will be entered.

---

[3] Plaintiff may be able state a Delaware law claim against Murray, but since they appear both to be Delaware citizens, and Plaintiff has no federal claim against her, there would be no subject matter jurisdiction for an amended claim against her.